CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
5/17/2024
LAURA A. AUSTIN, CLERK
BY s/ S. MELVIN
        DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| GLORIA S.,[1] | |
| *Plaintiff*, | CASE NO. 3:23-cv-00043 |
| v. | ORDER |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[2] | JUDGE NORMAN K. MOON |
| *Defendant*. | |

The Claimant Gloria S. has filed this action challenging the Commissioner of Social Security's final decision denying her request to waive overpayment of disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–34.

Pursuant to Standing Order 2014-2 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to U.S. Magistrate Judge Joel C. Hoppe for proposed findings of fact and a recommended disposition. The Commissioner filed contested motions to remand this matter to the agency under the fourth sentence of 42 U.S.C. § 405(g), Dkts. 18, 24, and the Magistrate Judge issued a Report & Recommendation ("R&R") thereon, Dkt. 27. In the R&R, the Magistrate Judge recommended that this Court grant the Commissioner's amended motion, Dkt. 24, and remand

---

[1] The Court adopts the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] Commissioner O'Malley is hereby substituted as the named Defendant in this case, pursuant to 42 U.S.C. § 405(g) Fed. R. Civ. P. 25(d).

this matter to the agency for further investigation and explanation. *See* R&R at 1. The Magistrate Judge further recommended that all remaining motions may be denied as moot. *See id.*

Though advised of the right to object to the proposed findings and recommendations of the R&R within fourteen days, and that failure to timely file objections may result in waiver of review of the R&R, *see* R&R at 15, no party has filed objections within the fourteen-day period. Indeed, the Claimant expressly stated that in multiple filings that she "*did not object* to [ ] Judge Hoppe's report and recommendation." Dkt. 32 at 1 (emphasis added); Dkt. 33 at 1 (writing that she "never wrote [a] document objecting to the Report & Recommendation …."). [3]

The Court reviews de novo every portion of an R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). But where, as here, no objections to an R&R are filed, the Court reviews only for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); Fed. R. Civ. P. 72 advisory committee's note. In that case, the Court need not provide any explanation for adopting the R&R. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report."). As a pro se party, the Court has afforded the Claimant's filings a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[3] To be sure, several documents by the Claimant were filed the same day as the R&R issued, but though docketed as "objections," they were in fact drafted on April 19 and 22, 2024, i.e., before the R&R had issued. Dkts. 28, 29. And the Claimant filed another "rebuttal" to the Commissioner's "oral argument," which was dated April 29, 2024, Dkt. 31. However, as her subsequent filings made clear, the Claimant "did not receive Judge Hoppe's Report and Recommendation until May 2, 2024." Dkt. 33. And since her receipt of the R&R, her filings have consistently stated that she "did not object to Judge Hoppe's report and recommendation." Dkt. 32 at 1; *see also* Dkt. 33 at 1 (similar). Indeed, the Claimant went so far as to try to move to strike the Commissioner's post-R&R filing on the basis that it had incorrectly posited that she objected to the R&R. *See* Dkt. 33. Accordingly, the Claimant's position and the record are clear that she has no objection to the R&R.

No objections to the R&R have been filed, and the Court can discern no clear error therein. Indeed, as the R&R demonstrates, the magistrate judge carefully scrutinized the record and the applicable law in concluding that a remand pursuant to the fourth sentence of 42 U.S.C. § 405(g), is warranted.[4] On remand the Commissioner agreed, among other things, that "the Appeals Council will instruct the ALJ that [the Claimant] is without fault with respect to the DIB overpayment," and "will instruct the ALJ to conduct an analysis regarding whether the overpayment should be waived" on grounds that requiring the Claimant to reimburse the agency "would defeat the purpose of Title II or would be against good conscience and equity." R&R at 27 (quoting Dkt. 24 at 1–2). The Magistrate Judge, in the thorough and well-reasoned R&R, carefully articulated the limited areas for further inquiry and resolution before the ALJ upon remand—the factfinder charged with ruling upon requests like the Claimant's to waive overpayments in the first instance.

Accordingly, the Court **ORDERS** that:

1. The R&R is **ADOPTED** in its entirety, Dkt. 27;

2. The Commissioner's amended motion to remand is **GRANTED**, Dkt. 24;

3. The parties' other filings are hereby **DENIED**, **as moot**, Dkts. 12, 17, 18, 33;

4. The final decision of the Commissioner of Social Security is **VACATED**, and this action is **REMANDED** to the Commissioner for further development and consideration in accord with the R&R.

---

[4] The Court further notes that the Commissioner represented at a motion hearing that the agency has changed the manner in which it calculates the amount withheld from a person's other benefits to recoup an overpayment—by "collect[ing] ten percent (or $10, whichever is greater) of the total monthly Social Security benefit to recover an overpayment, rather than collecting 100 percent as was previous procedure." R&R at 5 n. 3. The Court understands that relief under that framework could potentially be made available to those like the Claimant with existing overpayments, if requested.

The Clerk of Court is directed to send this Order to all counsel of record.

ENTERED this __17th__ day of May, 2024.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

4